**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**MIGUEL RIOS,**

Defendant.

Case Number: 26-mj-5122-RES

**MEMORANDUM AND ORDER**

On November 9, 2026, Defendant Miguel Rios appeared in-person for an initial appearance. At that hearing, Defendant was advised of his rights, including his rights pursuant to Federal Rule of Criminal Procedure 5(c)(3)(D) because he was arrested in a federal district other than where the offense alleged in the Indictment was allegedly committed. ECF No. 3. Defendant requested an identity hearing, which the Court conducted on November 12, 2026.

For the reasons discussed herein and on the record, the Court finds that the Government met its burden of establishing that Defendant is the individual named in the Indictment and the warrant.

## I. LEGAL STANDARD

Federal Rule of Criminal Procedure 5(c)(3)(D) states in part that: "the magistrate judge must transfer the defendant to the district where the offense was allegedly committed if: . . . (ii) the judge finds that the defendant is the same person named in the indictment, information, or warrant . . . ." Rule 5 does not specify what standard governs the Court's determination of whether Defendant is the same person named in the indictment and the warrant.

As courts across the country have observed, there are few cases that analyze what standard should apply at this hearing. A recent district court in the Tenth Circuit held: "Neither the Tenth

Circuit nor any judge on this court appears to have specifically addressed this issue in a published written decision. However, based on this court's research, the weight of authority from other courts is that 'a probable cause standard applies to determinations of identity in removal proceedings.'" *United States v. Lopez-Burgos*, No. 1:23-MJ-00206-NRN, 2023 WL 8851751, at *1 (D. Colo. Dec. 12, 2023) (quoting *United States v. Asencio*, No. 17 Mag. 6190 (KHP), 2017 WL 4005636, at *2 (S.D.N.Y. Sept. 12, 2017)); *see also United States v. Castro*, No. 21 CR 661, 2021 WL 5937773, at *3 (N.D. Ill. Dec. 16, 2021) ("The majority of courts around the country that have considered the issue have held that a probable cause standard applies."). The undersigned similarly located no Tenth Circuit or District of Kansas decision discussing the appropriate standard to apply in an identity hearing.

For the reasons articulated in *Lopez-Burgos*, this Court is similarly persuaded that the probable cause standard should apply at this hearing. At the hearing, the Court asked both parties what standard should apply, and all agreed that probable cause should govern the Court's decision as to whether Defendant is the individual named in the Indictment and the warrant.

The Tenth Circuit has stated generally that "[p]robable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *United States v. Little*, 119 F.4th 750, 770 (10th Cir. 2024) (quoting *United States v. Johnson*, 43 F.4th 1100, 1107 (10th Cir. 2022)). "In the context of an identity hearing, probable cause exists if the law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that the defendant is the person named in the out-of-district warrant or indictment." *Lopez-Burgos*, 2023 WL 8851751, at *1 (quoting *United*

*States v. Rodriguez-Torres*, No. 14-Mag-1095 (JLC), 2014 WL 2320081, at *2 (S.D.N.Y. May 30, 2014) (internal quotation marks omitted)). This is a relatively low standard. *See Little*, 119 F.4th at 770 (in the context of probable cause for an arrest, explaining that it "requires only a fair probability, a standard understood to mean something more than a bare suspicion but less than a preponderance of the evidence at hand").

## II. ANALYSIS

As stated on the record at the conclusion of the identity hearing, the Court finds the United States established probable cause to believe that Defendant is the same person named in the Indictment and the warrant.

The individual named in the Third Superseding Indictment and the warrant is Miguel Rios. According to the Pretrial Services Report, Defendant stated his full name is Miguel Angel Vargas-Rios. At the hearing, the United States proceeded by proffer, offering four exhibits, which were introduced into evidence without objection. Exhibit 2 is the completed USM 129 Individual Custody/Detention Report from the United States Marshals Service for Mr. Rios' arrest. Under the heading alias, the form states that Mr. Rios has multiple aliases, including Miguel Vargas-Rios. The similarity in names is not determinative of whether Defendant is the individual named in the Indictment and the warrant, but it is one piece of evidence the Court can consider in making its determination. *See, e.g., Castro*, 2021 WL 5937773, at *6 (discussing whether any presumption should apply to identical names and holding that the "better approach is simply to permit a court to use the same name as simply one source of evidence in determining whether the government has proved identity by probable cause, without any presumption attached to it.").

Additionally at the hearing, the United States proffered that Defendant is alleged to have sold one kilogram of fentanyl to an undercover agent for $25,000. The United States proffered that Exhibit 4 is a photograph of the individual who sold the fentanyl to the agent, which was taken

during this 2023 sale in California. Defendant is charged only in Count 3 in the Third Superseding Indictment, which alleges a Conspiracy to Distribute Controlled Substances: Methamphetamine, Fentanyl, and Cocaine, beginning on or about January 2, 2020, and continuing until on or about August 19, 2025, within the Southern District of Illinois and elsewhere.[1]

The United States argued that the photograph of the individual matches Defendant. Specifically, the United States argued that Defendant has unique facial features, including a distinctive mole above his mouth and an unusual arch of the eyebrow above just his right eye. These facial features similarly appear in Exhibit 1, which is the booking photograph of Defendant when he was arrested. Exhibit 3, which is the Personal History Report completed for Defendant's arrest, lists the mole above his lip under the heading "Identifying Characteristics." When comparing these two photographs and comparing these photographs with Defendant's appearance in Court, it appears that Defendant is the same person in the photograph from the alleged drug sale. Ultimately, when reviewing the totality of the circumstances before the Court, the Court finds that the Government met its burden of establishing that Defendant is the individual named in the Indictment and the warrant.

## III. CONCLUSION

For the reasons stated above, the Court finds that Defendant is the person charged in the Southern District of Illinois Third Superseding Indictment and the person named in the corresponding arrest warrant.

---

[1] As reflected in the Pretrial Services Report, Defendant claims to have lived in Oklahoma for three years. Prior to moving to Oklahoma, he stated he lived in California, where his parents and two sisters continue to reside. Exhibit 2 lists three previous California addresses for Defendant.

Dated November 17, 2026, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge